UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 3:16-cr-113 |
| ) | Judge Phillips |
| TREVON BARCUS, ) | |
| ) | |
| Defendant. ) | |

## SENTENCING MEMORANDUM

The United States of America, by and through United States Attorney J. Douglas Overbey, submits its sentencing memorandum.

**Initial sentence**. Defendant was convicted for failing to register under the Sex Offender Registration and Notification Act ("SORNA"), in violation of 18 U.S.C. § 2250(a). His guidelines range as a Tier III offender under SORNA was 30 to 37 month' imprisonment. (R. 25 (Sealed) Presentence Investigation Report ¶ 65.) On June 7, 2017, defendant was sentenced to 30 months' imprisonment and 5 years of supervised release. (R. 34, Judgment at 2-3.) In addition to the standard conditions of supervision, and "[b]ecause of Barcus's difficult past—drug use, sexual abuse, and mental health issues—the

PSR recommended," and this Court imposed, "special conditions of supervised release." (*Id.* at 4-5; R. 42, Sixth Circuit Opinion at 3.)

**Appeal.** The Sixth Circuit Court of Appeals vacated defendant's sentence, because it found that defendant's conviction for Tennessee attempted aggravated sexual battery, which triggered his registration under SORNA, did not qualify as a Tier III offense. (R. 42, Sixth Circuit Op. at 2-13.) Although the Sixth Circuit vacated defendant's sentence, it rejected his challenges to his criminal history score and to the special conditions of supervision, which required that he undergo a psychosexual evaluation, participate in sex offender mental health treatment, and submit to polygraph testing. (*Id.* at 7, 10-13.)

The Sixth Circuit remanded for resentencing "consistent with [its] opinion." (*Id.* at 13.)

**Resentencing and revised guidelines range.** Defendant's resentencing is set for October 3, 2018. As of that date, defendant will have served 23.5 months of his 30-month sentence. The parties agree that, in light of the Sixth Circuit's opinion, defendant should be classified as a Tier I offender, which results in a base offense level of 12. (R. 46, (Sealed) Revised Presentence Investigation Report ("RPSR") ¶ 17.) As a Tier I offender, defendant's revised guidelines range is 21 to 27 months' imprisonment followed by a mandatory term of five years' supervised release. (R. 46, RPSR ¶¶ 64, 69.)

2

**Nature and circumstances of the offense.** Defendant was convicted of failure to register under SORNA, in violation of 18 U.S.C. 2250(a). (R. 46, Judgment.) That offense is serious, because it indicates that defendant did not take his sex-offender-registration requirements seriously—i.e., he lacked respect for the law. In fact, defendant admitted that, after being released from prison, he "cut off his ankle monitoring bracelet and fled to Texas after 'meeting some girls.'" (R. 42, Sixth Circuit Op. at 3; *see also* R. 46, RPSR ¶ 7.) Given defendant's prior conviction for attempted aggravated sexual battery, his failure to register under SORNA is a serious offense.

**History and characteristics of defendant.** At the age of 19, defendant had sex with a 12-year-old girl. (R. 46, RPSR ¶ 29; *see also* R. 42, Sixth Circuit Op. at 3.) Although he was charged with rape of a child, defendant pleaded that charge down to attempted aggravated sexual battery. (R. 42, Sixth Circuit Op. at 3.) Defendant was sentenced to 5 years' imprisonment and was subject to "community supervision for life" under Tennessee law. (R. 46, RPSR ¶ 29.)

Defendant's criminal history is concerning for someone who is only 28 years old. In addition to the instant conviction and the conviction for attempted aggravated sexual battery, defendant has two assault convictions, and convictions for failure to register as a sex offender under state law, theft, and several motor vehicle offenses. (R. 46, RPSR ¶¶ 30-32, 34-35; *see also*

3

R. 31, Mem. & Order, at 1.) Defendant has also been arrested numerous times, including for assault in the fourth degree after he allegedly hit a female in her face, head, and ribs, which resulted in her needing stitches in her mouth and causing her ribs and head to bruise. (R. 46, RPSR ¶ 42.) Defendant was also arrested for violating his community supervision and for failure to register as a sex offender in Tennessee. (R. 46, RPSR ¶¶ 40, 46.)

**Post-sentencing conduct.** According to the Bureau of Prisons, defendant incurred disciplinary sanctions in February 2018 for fighting, refusing to obey an order, and failing to work as instructed. Defendant's post-sentencing conduct reflects a lack of respect for the law, and rules in general.

## ARGUMENT

Defendant's personal history and characteristics, including his criminal history and post-sentencing conduct in this case, suggest that he lacks respect for the law. Therefore, a sentence at the high end of the guidelines range is necessary to promote respect for the law and to protect the public from further crimes of defendant. A sentence of 27 months' imprisonment is sufficient, but not greater than necessary, to comply with the sentencing factors in 18 U.S.C. § 3553(a).

# CONCLUSION

This Court should impose a sentence of 27 months' imprisonment followed by the mandatory term of five years' supervised release.

          Respectfully submitted,

          J. Douglas Overbey
          United States Attorney

By:   *s/William A. Roach, Jr.*
       William A. Roach, Jr.
       Assistant United States Attorney
       800 Market Street, Suite 211
       Knoxville, Tennessee 37902
       (865) 545-4167

# CERTIFICATE OF SERVICE

I hereby certify that, on September 26, 2018, this Sentencing Memorandum was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

By:   *s/William A. Roach, Jr.*
       William A. Roach, Jr.
       Assistant United States Attorney